David E. McAllister (SBN 021551)
dmcallister@piteduncan.com
Philip J. Giles (SBN 030340)
pgiles@piteduncan.com
**ALDRIDGE | PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for Wells Fargo Bank, N.A., s/b/m with Wachovia Mortgage, FSB a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>HAL EPHRAM GREEN AND JILL RAE GREEN,<br><br>Debtors. | Case No. 2:13-bk-15314-EPB<br><br>Chapter 13<br><br>**WELLS FARGO BANK, N.A.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (DOCKET NO. 107)** |

Wells Fargo Bank, N.A., s/b/m with Wachovia Mortgage, FSB a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB (hereinafter "Wells Fargo") hereby submits its Response to this Court's Order to Show Cause ("OSC") issued against Debtors Hal Ephraim and Jill Rae Green's ("Debtors") bankruptcy counsel, Adam Hauf ("Hauf"), with respect to his position as to Wells Fargo's Proof of Claim ("Claim") and related Motion for Summary Judgment ("MSJ").

## I. INTRODUCTION

On June 1, 2015, the Court issued its OSC due to its concerns with Hauf's position with respect to Wells Fargo's Claim and MSJ. *See,* Docket No. 107. Specifically, the Court is concerned with Hauf's conduct related to: (1) Hauf making arguments not warranted by existing law and/or making frivolous arguments for the disallowance of Wells Fargo's Claim and denial of Wells Fargo's MSJ; (2) making arguments solely for the purpose of delaying the bankruptcy proceedings;

(3) failing to ensure that his allegations and factual contentions were supported by admissible evidentiary support; and (4) failing to engage in appropriate legal anlaysis to competently represent the Debtors. *Id.*

Wells Fargo agrees with the Court's concerns as to Hauf's position. Specifically, Wells Fargo agrees that each and every claim asserted by Hauf through the Debtors' Objection to Claim, in the Debtors' Opposition to MSJ and related filings, and at the oral argument on the MSJ, are legally deficient and not warranted by existing law. Moreover, Hauf failed to provide any admissible evidentiary support for any of his allegations and factual contentions despite having over a year to propound discovery against Wells Fargo and/or conduct a Fed. R. Bankr. Proc. 2004 Examination to obtain such support[1]. Finally, it is clear that Hauf made no reasonable effort to adequately review and analyze the controlling legal authority on the issue of Wells Fargo's standing and ability to enforce the loan obligation which, in fact, supports Wells Fargo's position. As a result, Wells Fargo was significantly prejudiced by having to: (1) incur substantial legal expenses associated with engaging counsel to defend against this meritless and frivolous action which is still ongoing due to the appeal recently filed by Hauf (Docket No. 105); and (2) suffer delay in receiving payments from the Debtors during this bankruptcy case while interest, real property taxes, and insurance advances continue to accure on its loan. Accordingly, as the Court is considering whether Hauf should be found in violation of Fed. R. Bankr. Proc. 9011 and sanctioned, Wells Fargo respectfully submits this Response for the Court's consideration and to provide the Court with evidence of the attorneys' fees and costs that Wells Fargo has incurred as a result of Hauf's improper conduct.

## II. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure, which is incorporated into the Federal Rules of Bankruptcy Procedure as Rule 9011, provides that, by presenting to the court a pleading, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

---

[1] Wells Fargo does not concede that such disclovery and/or examination would have led to any admissible evidence to support the Debtors' Objection to its Claim.

(1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

Rule 9011 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *See, Warren v.Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). Indeed, Rule 9011 is designed to deter the filing of frivolous pleadings. *See, Riverhead Sav. Bank v. Nat'l Mortg.Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990). If the Court determines that Rule 9011(b) has been violated, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Bankr. P. 9011(c). Sanctions may be monetary or nonmonetary, and may include an award of fees and costs to the opposing party. 11 Norton Bankr. L. & Prac. 3d Fed. R. Bankr. P. 9011; *see also* Fed. R. Bankr. P. 9011(c)(2).

As discussed more fully below, Hauf is subject to Rule 9011 sanctions as his position with respect to Wells Fargo's Claim and MSJ is: (1) legally baseless and not warranted by existing law, (2) not supported by any admissible evidentiary support, (3) taken for the purpose of delaying these proceedings at Wells Fargo's expense, and (4) maintained without having engaged in the appropriate legal analysis. *See,* Fed R. Bankr. P. 9011(b) and (c).

### III. DISCUSSION

For over a year, Hauf has consistently taken a frivolous position with respect to Wells Fargo's Claim and MSJ. Without any legal or evidentiary support, Hauf challenged Wells Fargo's

standing to file its Claim and enforce the underlying loan obligation by filing the Debtors' Objection. However, Hauf failed to present any admissible evidence which would support the Objection and overcome the prima facie validity of the Claim. More importantly, Hauf misread, failed to understand, and/or failed to make any effort to engage in the appropriate legal analysis to competently represent the Debtors. Had he engaged in such efforts, Hauf should have understood that his position is without merit and in contravention of the controlling authority in the Ninth Circuit. Indeed, the purpose of Rule 9011 is to deter parties from filing papers in court which lack factual or legal support in order to save innocent parties and the courts from dealing with frivolous lawsuits. *Am. State Bank v. Pace*, 124 F.R.D. 641, 643 (D.Neb.1987). Neglecting to have an adequate legal or factual basis for a signed paper constitutes a violation of Rule 9011. *Id*. at 644. Mistaken judgment, ignorance of the law, or personal belief with regard to what the law should be do not provide the attorney with an excuse or defense if the lawyer who signed the pleading failed to make a reasonable inquiry into the facts and law supporting the pleading before filing the pleading. *Id*. Nevertheless, Hauf has continued with his frivolous litigation for over fifteen (15) months even after the MSJ was decided in Wells Fargo's favor.

Additionally, throughout this entire litigation, Hauf "threatened" to propound discovery (Docket Nos. 56, 62, 65, and 69) on Wells Fargo, but completely failed to engage in any discovery to support his position. Had Hauf proceeded with discovery (or conducted a Rule 2004 Examination prior to filing the Debtors' Objection to Claim) and conducted the appropriate legal analysis, the disputed issues should have been resolved long before Wells Fargo filed its MSJ. Nevertheless, because Hauf did not ensure that his allegations and factual contentions were supported, and/or conduct the appropriate legal analysis, Wells Fargo was compelled to file its MSJ in order to resolve the Debtors' Objection to its Claim.

With respect to the MSJ, sanctions are appropriate as Hauf's response to the MSJ and supplemental pleadings were untimely, not in compliance with Rule 56 of the Fed. R. Civ. Proc. (as made applicable to the case by Rules 7056 and 9014 of the Fed. R. Bankr. Proc.), and legally and factually deficient for the reasons previously discussed. Indeed, as previously discussed and again most recently in Wells Fargo's Response to the Debtors' Motion for Extension[…] (Docket No.

113), Hauf's filings throughout this litigation were also in violation of the Local Bankrutpcy Rules for the District of Arizona.

In short, Hauf's pleadings and position is the exact type of behavior that Rule 9011 was designed to deter. *See Unioil, Inc. v. E.F. Hutton & Co., Inc*., 809 F.2d 548, 557 (9th Cir. 1987) ("[A]n attorney violates rule 11 whenever he signs a pleading, motion, or other paper without having conducted a reasonable inquiry into whether his paper is frivolous, legally unreasonable, or without factual foundation. An attorney also violates rule 11 whenever he signs a paper that is filed for a purpose that is improper under an objective standard.") (citations omitted). As a result of Hauf's improper conduct, Wells Fargo incurred $18,710.00 in attorneys' fees in costs to defend against Hauf's frivolous action. *See,* Declaration of Philip Giles in support of this Response which is filed concurrently herewith. Had Hauf fully complied with Rule 9011, the cost of this litigation to Wells Fargo (and the Debtors assuming they have expended funds towards this litigation) would have been significantly less as any due diligence should have led Hauf to the conclusion that his position is contradictory to controlling authority and without merit. As Hauf caused Wells Fargo to incur unnecessary legal expenses, he should be sanctioned for violation of Rule 9011 and ordered to compensate Wells Fargo for these expenses.

## IV. CONCLUSION

Hauf has violated Rule 9011 and sanctions against him are appropriate for the reasons stated herein. Moreover, the Court should consider ordering Hauf to compensate Wells Fargo for its attorneys fees and costs which were incurred as a direct result of Hauf's actions with respect to Wells Fargo's Claim and MSJ.

Respectfully submitted,

Dated: June 18, 2015    ALDRIDGE PITE, LLP[2]

By: */s/ Philip Giles*
PHILIP J. GILES (SBN 030340)
Attorneys for Wells Fargo Bank, N.A.

---

[2] Successor to Pite Duncan, LLP as a result of the merger of Pite Duncan, LLP into Aldridge Connors, LLP